UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

MORGAN N. PRESNELL )
)
v. ) NO. 2:06-CV-120
)
WCDC MEDICAL STAFF, WCDC )
MENTAL HEALTH, DEBORAH )
CLOYD, WCDC OFFICERS INVOLVED )
IN RECLASSIFICATION FOR )
CALLING ATT. OFFICE )

## MEMORANDUM and ORDER

Morgan N. Presnell, a prisoner in the Washington County Detention Center (WCDC), brings this *pro se* civil rights action for injunctive relief under 42 U.S.C. § 1983, alleging that his right to medical care is being violated. He also alleges that he was reclassified and locked-down because he made telephone calls to his attorney. The plaintiff is **ASSESSED** the civil filing fee of $350.00 under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account;

>
> or
>
> > (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk's Office.[1] *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate trust accounts at the facility where the plaintiff is confined, to ensure compliance with the above fee-assessment procedures.

In his complaint, the plaintiff alleges that, although his family has a history of strokes and heart attacks, "Pat (medical staff)" refused to send him to the hospital or arrange a medical furlough so that he could admit himself to the hospital for testing on his heart and get needed medications. He also contends that "Pat" tried to force him to take a medication which he has never taken before, without his having

---

[1] Send the payments to:   Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

seen a doctor. He further asserts that "(Debbie Cloyd) Mental Health" refused to make him an appointment or send him to Woodridge Hospital so that he can get medications to treat his manic-depressive illness. Finally, he claims that he was reclassified merely for calling his attorney's office and that his request forms go unanswered.

In his subsequent letters to the Court, he complains that a guard found him passed out on the floor; that, after the plaintiff explained that he was having chest pains, the guard twice informed the medical staff about the situation; that no one came to check on him; that "they" claimed he was hoarding his medication; that he was not hoarding medication but simply chose not to "take the med they put [him] on without seeing a doctor;" that he has already served 7 months and 18 days on a 2-year sentence, which entitles him to an "automatic kick out;" and that he has had conflicting information as to whether he meets the time requirements to qualify for a transfer to a state prison. He would have the Court facilitate his medical treatment and calls to his attorney.

Under 42 U.S.C. § 1997e(a), a prisoner may not bring a § 1983 civil rights action in federal court until such time as he shall have exhausted his available administrative remedies. *See Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Satisfaction of this requirement entails filing a

grievance concerning each claim stated in the complaint. *See Northington v. DeForest*, 215 F.3d. 1327 (Table, text at 2000 WL 659260 *1 (6th Cir. May 11, 2000) (citing *Brown* and noting the lack of documentation showing prisoner had exhausted his administrative remedies as to "*each* of the claims raised in his complaint")). Exhaustion is mandatory and applies to all inmate suits about prison life. *Porter v. Nussle,* 534 U.S. 516, 532 (2002). A prisoner must administratively exhaust his claim as to each defendant associated with his claim. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003), and a district court must enforce the exhaustion requirement *sua sponte*. *Brown,* 139 F.3d at 1104.

The plaintiff asserts in paragraph II of his complaint that the WCDC has a prisoner grievance procedure, but that he did not present the facts relating to his claims through the grievance system because "[t]he staff will not give inmates grievance forms under no circumstances" and because he "has asked for one several times only to be turned down."

The plaintiff, however, does not identify the person(s) who denied his requests for a grievance form, nor allege the dates of his requests, nor any of the circumstances surrounding the requests. Nor does he contend that he made an attempt to file a grievance without a form. *See Jones v. Smith*, 266 F.3d 399, 400 (6th Cir. 2001). And while he maintains he filled out request forms, medical sick calls, mental

4

health forms and asked to speak to the lieutenants, he has not attached copies of those forms, or described with any degree of specificity the contents of the forms or adequately explained his other efforts to exhaust his remedies. General allegations that he was denied a grievance are insufficient to satisfy the statutory requirements in § 1997e. *See Fitts v. Faghihnia*, 21 Fed.Appx. 243, 245, 2001 WL 1298837, *2 (6th Cir. Aug. 7, 2001).

Allegations which do not state a claim in the first place need not be exhausted administratively. His other contentions fall within this category. His complaints about his attorney fail to state a claim because counsel was not acting under color of state law when he represented the plaintiff in his criminal case, *see Polk County v. Dodson*, 454 U.S. 312, 318-22 (1981); because such claims are only cognizable in a petition for a writ of habeas corpus since they might impact the fact or duration of his confinement, *see Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973); and because his convictions are intact and have not been reversed on appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Preiser* and *Heck* also apply to the plaintiff's allegations concerning his delayed release from confinement since clearly those claims would affect the duration of his confinement.

Accordingly, this action will be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

Finally, the Court FINDS that any appeal taken in this matter would not be taken in good faith and would be frivolous. 28 U.S.C. § 1915(a)(3). Leave to appeal *in forma pauperis* will, therefore, be denied and any notice of appeal taken from this decision must be accompanied by the full appellate filing fee.

A separate order will enter.

**ENTER**:

> s/J. RONNIE GREER
> UNITED STATES DISTRICT JUDGE